UNITED STATES of America,
Appellee,

v.

**Tyheim SMITH, Defendant–Appellant.**

No. 06–1217–cr.

United States Court of Appeals,
Second Circuit.

May 24, 2007.

Timothy Austin, Assistant Federal Public Defender (Molly Corbett, on the brief), Albany, NY, for Defendant–Appellant.

Paul D. Silver, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Albany, NY, for Appellee.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. J. GARVAN MURTHA,* District Judge.

### SUMMARY ORDER

Defendant-appellant Tyheim Smith appeals from a final judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) sentencing Smith to a term of imprisonment of 28 months for violating the terms of his supervised release. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

■ We review sentences imposed after *United States v. Booker*, 543 U.S. 220, 125

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

S.Ct. 738, 160 L.Ed.2d 621 (2005), for reasonableness. *United States v. Mejia,* 461 F.3d 158, 162 (2d Cir.2006). This standard applies "not only to review of sentences for which there are guidelines but also to review of sentences for which there are no applicable guidelines," such as sentences revoking supervised release. *United States v. Fleming,* 397 F.3d 95, 99 (2d Cir.2005).

■ The sentence imposed in this case was not unreasonable. Our case law makes clear that repeated violations of the terms of supervised release can justify the imposition of a term of imprisonment greater than that suggested by the relevant policy statements. *See, e.g., id.,* 397 F.3d at 100; *United States v. Pelensky,* 129 F.3d 63, 70 (2d Cir.1997). Smith's sentence is not rendered unreasonable by the district court's decision to impose a sentence above the range specified in the policy statements without first specifying the precise classification of the violation. *See United States v. Crosby,* 397 F.3d 103, 112 (2d Cir.2005) (noting that the "precise calculation of the applicable Guidelines range may not be necessary ... where either of two Guidelines ranges, whether or not adjacent, is applicable, but the sentencing judge, having complied with section 3553(a), makes a decision to impose a non-Guidelines sentence, regardless of which of the two ranges applies"). Nor did the district court err by relying on factors other than those specifically referred to in 18 U.S.C. § 3583(e). *See United States v. Williams,* 443 F.3d 35, 47 (2d Cir.2006) (interpreting § 3583(e) "simply as requiring consideration of the enumerated subsections of § 3553(a), without forbidding consideration of other pertinent factors"). While the district court did err in its statement of the time that Smith had served for a previous violation, there is no indication that the court relied on this factual error in determining the appropriate sentence, and Smith has not otherwise demonstrated prejudice. *See United States v. Stevens,* 211 F.3d 1, 5 (2d Cir. 2000) (noting that, under harmless error review, "remand is unnecessary where the defendant cannot show that the [error] caused prejudice to his or her defense" and holding that "the same standard of review should govern errors during the sentencing phase").

■ Smith does identify one error that requires correction. While the district court sufficiently expressed its reasons for imposing a sentence above the recommended range on the record, it did not do so in the written order of judgment. The proper remedy in such cases is to affirm the sentence and to remand with instructions to amend the written judgment to comply with Section 3553(c)(2). *See United States v. Jones,* 460 F.3d 191, 197 (2d Cir.2006); *see also United States v. Goffi,* 446 F.3d 319, 321–22 (2d Cir.2006). Accordingly, that is what we do here.

For the foregoing reasons, the sentence of the district court is **AFFIRMED,** and the case is **REMANDED** with instructions to amend the written judgment to comply with 18 U.S.C. § 3553(c)(2).