**UNITED STATES of America,**
**Appellee,**

v.

**Golam MOSTAFA, Defendant–**
**Appellant.**

**No. 07–1474–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 10, 2008.

Uzmah Saghir, Brooklyn, NY, for Defendant–Appellant.

Martin E. Coffey, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, on the brief, Susan Corkery, Assistant United States Attorney, of counsel), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, and JOHN GLEESON, District Judge.*

### SUMMARY ORDER

Defendant Golam Mostafa appeals from an April 11, 2007 judgment of the District Court, convicting him, after a jury trial, of five counts of tax evasion, in violation of 26 U.S.C. § 7201, and one count of filing a false corporate tax return in violation of 26 U.S.C. § 7206(1). The District Court sentenced Mostafa to a term of 63 months' imprisonment, as well as three years of supervised released on the tax evasion counts, to run concurrently with one year of supervised release on the false tax return count.[1] As a special condition of supervision, Mostafa was ordered to pay restitution to the Internal Revenue Service in the amount of $2,948,264 for the taxes he owed, at a rate of twenty-five percent of his net monthly income. Finally, he was ordered to pay $600 as a special assessment. On appeal, Mostafa challenges only the imposition of the term of supervised release. Specifically, he argues, for the first time on appeal, that the imposition of the three year term was "unreasonable" because the District Court "failed to either consider the factors set forth in 18 U.S.C. [§ ] 3553(a) ... and/or to state its reason for [the] imposition of the specific sentence, as required by 18 U.S.C. § 3553(c)." Appellant Br. at 5. In a similar vein, he also argues for the first time that the District Court "may have believed that it was under an obligation to impose a period of supervised release, pursuant to U.S.S.G. [§ 5D1.1(a) ]—since the record is devoid of a contrary conclusion," and thus that the

---

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

1. We note that the under Sections 5D1.1 (a) and 5D1.2(a)(2) of the advisory Sentencing Guidelines, a term of supervised release of at least two but not more than three years is "required" on the tax evasion counts, and under Sections 5d1.1(a) and 5D1.2(a)(3) a term of supervised release of one year is "required" on the false tax return count.

sentence was unreasonable. *Id.* at 6. We assume the parties' familiarity with the facts and procedural history of the case.

We have held that plain error review applies to procedural sentencing challenges not raised in district court. *See United States v. Villafuerte,* 502 F.3d 204, 208–11 (2d Cir.2007). Because Mostafa contends that the imposition of the three-year term of supervised release was procedurally unreasonable for the first time on appeal, the "rigorous plain error analysis is appropriate." *Id.* at 208. Plain error is (i) error, that is (ii) plain, and (iii) affects substantial rights. *See United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We detect no error—much less plain error—in the District Court's imposition of a three-year term of supervised release.

First, "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006). As the record shows, before pronouncing Mostafa's sentence in its entirety, Judge Gershon specifically stated that she had "considered all of the 3553 factors." ROA doc 71, at 13. There is nothing in the record to suggest that the District Court's consideration of these factors did not extend to the imposition of the supervised release term.

Second, we have never held that a sentencing judge must make a separate "state[ment] in open court [of] the reasons for [the] imposition of the particular sentence" when also imposing a term of supervised release. 18 U.S.C. § 3553(c). In the absence of authority to the contrary, we cannot conclude that the District Court's imposition of a term of supervised release without a separate statement in open court constituted an error of any kind that affected substantial rights. Nor have we held that the sentencing judge, post-

*Booker,* must acknowledge specifically what 18 U.S.C. § 3583(a) makes clear by its language—that, except when otherwise required by statute, a court "may," but is not required to, impose a term of supervised release; and the absence of such a statement does not yield the conclusion that the sentencing court thought itself bound to impose a term of supervised release.

### CONCLUSION

For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**