08-4018-cr
USA v. Scott

08-4018-cr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand ten.

Present:
> ROBERT A. KATZMANN,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                          No. 08-4018-cr

ALAN N. SCOTT,

> *Defendant-Appellant.*

---

For Defendant-Appellant:          DONNA R. NEWMAN, New York, NY

For Appellee:                     UNA A. DEAN, Assistant United States Attorney (Jo
                                  Ann M. Navickas, Assistant United States Attorney,
                                  *on the brief*), *for* Loretta E. Lynch, United States
                                  Attorney for the Eastern District of New York,
                                  Brooklyn, NY

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-appellant Alan Scott appeals from a judgment of conviction entered May 5, 2008 (Bianco*, J.*) following a guilty plea, convicting him of conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 1349, and sentencing him to 32 months' imprisonment, three years' supervised release, and restitution in the amount of $76,831.52. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Scott argues that the district court's restitution order was illegal because it named the administrators of the class action settlement funds that he defrauded as the victims when the administrators themselves were not victims of his fraud. The government responds that Scott has waived this argument because he did not object to the district court's proposal to name the administrators as the victims of the fraud. The government is correct.

"[W]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). Where a defendant indicates that the district court's proposed resolution of an issue is satisfactory, he waives his right to appeal that resolution. *See United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009) (concluding that the defendant waived his right to challenge a jury instruction that he had indicated was satisfactory before the district court). This is especially true in the case where, "as a tactical matter," a party raises no objection to a purported error. *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) (internal quotation marks omitted).

Here, Scott repeatedly asserted in the district court that he did not seek to avoid the

payment of restitution. He stressed to the district court in a pre-sentencing memorandum that he "[did] not seek, in any manner, to shirk his responsibility for paying restitution." J.A. 108. And at sentencing, his attorney stated, "[s]o the court is going to, as the court must, impose restitution. We don't have any objection to that, no objection to the full amount." J.A. 165. With respect to the recipient of the restitution, after much discussion the district court offered to take a short recess to enable the government to contact the claims administrators to elucidate the precise victims of the fraud. Scott's attorney declined, stating "I will rely on the court's ruling." J.A. 168. The district court immediately queried "Mr. Scott, you are satisfied with that?" to which Scott responded, "[y]es." *Id*. The district court then asked both Scott and his attorney if there was any legal reason he could not impose the sentence, and both answered in the negative. Scott plainly indicated that he did not object to the full payment of restitution and that he would rely on the district court's ruling regarding the precise victims.

Moreover, while Scott claims that there could be no tactical reason not to object before the district court, this is not true. Scott went to great lengths to assure the district court that he was not shirking his duty to repay the money that he fraudulently obtained, likely in order to appear more sympathetic to the sentencing judge. We conclude that Scott waived his right to appeal the district court's decision to order restitution and to name the claims administrators as the victims.

Scott also contends that the district court abused its discretion by failing to consider his ability to pay restitution in setting the restitution schedule. Scott is incorrect. When creating a restitution payment schedule, the district court must consider the financial resources and other assets of the defendant, the projected earnings and other income of the defendant, and any

financial obligations of the defendant. 18 U.S.C. § 3664(f)(2). A district court, however, "need not make detailed factual findings on each of the required factors so long as the court makes some affirmative act or statement to demonstrate that it considered those factors." *United States v. Catoggio*, 326 F.3d 323, 328 (2d Cir. 2003) (internal quotation marks omitted). Here, the district court explicitly stated that it had considered the § 3664 factors, and there is nothing in the record contradicting that statement. Nor do we find the district court's restitution payment schedule, requiring Scott to pay 25 percent of his net disposable monthly income, to be an abuse of discretion. *See United States v. Harris*, 302 F.3d 72, 75 (2d Cir. 2002) (per curiam).

We have reviewed Scott's remaining arguments and conclude that they lack merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK