United States v. Richardson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand fourteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
JOSÉ A. CABRANES,
*Circuit Judge*,
RICHARD M. BERMAN,
*District Judge*.[*]

─────────────────────────────────────────

UNITED STATES OF AMERICA,

*Appellee*,

v.                                          No. 13-791

CHARLES MOORE, AKA Samuel Brown, DEMIYA ROUNTREE, AKA Blessed, JOSEPH LAWTON, TANIQUA THOMAS, AKA Micca, AKA Tasha, AARON ROUNTREE,

*Defendants*,

─────────────────────

[*] The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

DAYSHEN RICHARDSON, AKA Man Man,
AKA Delton Richardson, AKA Mackody Brady,
AKA Dutch, AKA Dayshawn Richardson, AKA
Andrew Moore,

　　　　　　　*Defendant-Appellant*.

_____

For Appellant Dayshen Richardson:　　　SALLY WASSERMAN, Law Office of Sally
　　　　　　　　　　　　　　　　　　Wasserman, New York, NY.

For Appellee the United States:　　　　MATTHEW S. ARMATRUDA (Emily E. Berger, *on the
　　　　　　　　　　　　　　　　　　brief*), Assistant United States Attorneys, *for*
　　　　　　　　　　　　　　　　　　Loretta E. Lynch, United States Attorney for the
　　　　　　　　　　　　　　　　　　Eastern District of New York, Brooklyn, NY.


　　　　Appeal from judgment of conviction and sentence imposed by the United States District

Court for the Eastern District of New York.

　　　　**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court be and is hereby **AFFIRMED**.

　　　　Defendant-Appellant Dayshen Richardson appeals a judgment entered on March 1, 2013

by the United States District Court for the Eastern District of New York (Korman, *J.*), sentencing

him principally to a term of ten years' imprisonment, to run concurrent with a sentence for

manslaughter imposed by a state court, and twenty years of supervised release. While conceding

that he failed to raise an objection below either to the district court's calculation of the

recommended term of supervised release under the United States Sentencing Guidelines ("the

Guidelines") or to the substantive reasonableness of his sentence, Richardson contends on appeal

that the imposition of the twenty-year term of supervised release should be vacated.  We assume

the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

As a threshold matter, we apply our well settled rule that "issues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error." *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007).[1] Accordingly, we may only notice and correct Richardson's alleged sentencing error after concluding that he has demonstrated that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights . . . ; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and brackets omitted).

With this standard of review in mind, we review the district court's sentence for procedural and substantive reasonableness. *See United States v. Gilliard*, 671 F.3d 255, 258 (2d Cir. 2012). "Under this 'deferential abuse-of-discretion standard,' we first consider whether the district court committed procedural error." *Id.* (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)). Among other grounds, "[a] district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors,

---

[1] While Richardson invites the Court to apply a less rigorous standard of review despite his failure to object to the claimed error below, we decline to do so here. Having reviewed the record and the Presentence Report prepared immediately prior to Richardson's final sentencing hearing, we find that Richardson had ample notice that the district court might calculate his Guidelines range of supervised release to include an open-ended upper limit, thus distinguishing this appeal from those in which we have relaxed our review for plain error. *Cf. United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002) (applying a less rigorous standard of review because the term of supervised release imposed was not contemplated by the PSR and the defendant "lacked prior notice").

or rests its sentence on a clearly erroneous finding of fact." *Cavera*, 550 F.3d at 190 (internal citations omitted). Richardson's claim of procedural error is principally that in imposing a twenty-year term of supervised release, the district court varied from the Guidelines-recommended term but failed to give sufficient reasons for doing so.

By way of background, on July 15, 2008, Richardson pleaded guilty to ten counts of distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C), and one count of distribution and possession with intent to distribute "five grams or more" of cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii)) (Count 24). For a variety of reasons, the district court delayed and otherwise continued Richardson's sentencing hearing until January 4, 2013.

On appeal, Richardson contends that the appropriate Guidelines range of supervised release for his conviction on Count 24 was "four years." Richardson overlooks the fact that the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, modified his conviction of an offense involving "5 grams or more" of powder cocaine under 21 U.S.C. § 841(b)(1)(B) to be subject to the lower mandatory minimum term of supervised release provided in 21 U.S.C. § 841(b)(1)(C). *See Dorsey v. United States*, 132 S.Ct. 2321, 2335 (2012). Section 841(b)(1)(C) requires a term of supervised release of "at least 3 years." *See* 21 U.S.C. § 841(b)(1)(C). A revised PSR prepared on October 18, 2012 reflected the change in the mandatory minimum term of supervised release and correctly concluded that the lower provisions of § 841(b)(1)(C) apply to Richardson's offenses of conviction. Thus, there is no merit to Richardson's contention that the district court erred by failing to calculate his Guidelines term of supervised release at "four years," and, relatedly, that the district court erred by not explaining its reasons for "departing"

4

above this precise four-year term. Clear of this initial confusion, we turn to the district court's calculation of the Guidelines range for supervised release.

All else being equal, because Richardson's offense became a Class C felony by virtue of the Fair Sentencing Act, Richardson's recommended term of supervised release under section 5D1.2(a)(2) of the Guidelines would ordinarily have been "[a]t least one year but not more than three years." However, section 5D1.2(c) of the Guidelines provides that "[t]he term of supervised release imposed shall be not less than any statutorily required term of supervised release." Thus, the Guidelines direct the sentencing court to modify the Guidelines range so that it is "not less than any statutorily required term." Here, the operative revised PSR concluded that that § 841(b)(1)(C)'s mandatory minimum provisions replaced the recommended Guidelines range entirely: that is, the revised PSR concluded that the Guidelines range for Richardson's supervised release mirrored the statutory language of "at least 3 years" (and would, therefore, contemplate a lifelong term). At sentencing, the parties and the district court agreed that the Guidelines range for supervised release was "at least 3 years." In advance of oral argument, we invited the parties to discuss whether the calculation of a Guidelines range of "at least three years" was erroneous under section 5D1.2(c), and queried whether a higher statutory minimum term should operate to raise only the lower bound of the recommended range of supervised release or instead should operate to remove the Guidelines' upper bound as well.

Given the posture of our review for plain error, we need not decide whether the district court erred in calculating the Guidelines range as "at least three years" because whatever our resolution of this issue, we are bound to conclude that the interpretive question is subject to reasonable dispute, and that any error by the district court was neither clear nor obvious. *See*

5

*Marcus*, 560 U.S. at 262. Indeed, a panel of this Court has once before noted a split among our sister circuits regarding the interaction of sections 5D1.2(a) and (c), *see United States v. Herbert*, 428 F. App'x 37, 39 (2d Cir. 2011) (summary order), and no subsequent decision by this Court has caused this reasonable interpretive dispute to abate. Moreover, we take judicial notice of the fact that the Sentencing Commission recently recognized the differences among our sister circuits on this question. *See* Sentencing Guidelines for United States Courts, 79 Fed. Reg. 3280-01 (proposed Jan. 17, 2014).[2] Because any error in these circumstances would not have been plain, *see Puckett v. United States*, 556 U.S. 129, 135 (2009), we decline to notice any putative procedural error in the district court's calculation of the Guidelines range of supervised release and therefore do not pass on the question of whether the sentence of supervised release imposed represents a variance from the Guidelines range requiring special reasons to justify its magnitude. We therefore reject Richardson's challenge to the procedural reasonableness of his sentence.

Turning to Richardson's challenge to the substantive reasonableness of the twenty-year term of supervised release, we note that we set aside as substantively unreasonable only those "exceptional" sentences that "'cannot be located within the range of permissible decisions.'"

---

[2] We note that on April 10, 2014, the Sentencing Commission voted to promulgate amendments to the Guidelines, which include an application note to section 5D1.2(c) resolving the uncertainty among our sister circuits about the Guidelines range of supervised release for offenses to which a mandatory minimum applies. The application note explains that under section 5D1.2(c) of the Guidelines, a statute's provision of a mandatory minimum term of supervised release will affect only the lower bound of the recommended term of supervised release. *See* U.S. Sentencing Comm'n, Amendments to the Sentencing Guidelines (Preliminary) 70–74 (April 10, 2014), *available at* http://www.ussc.gov/Legal/Amendments/Reader-Friendly/20140410_Unofficial_RFP_Amendments.pdf. Unless Congress acts to disapprove of

*Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). This sort of review is akin to the "manifest-injustice" or "shocks-the-conscience" standards. *See United States v. Rigas*, 583 F.3d at 108, 123 (2d Cir. 2009); *see also United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008) (noting that we are undecided whether plain error review applies to an unpreserved substantive challenge to a sentence). Applying this standard to the sentence imposed here, we find that the imposition of a twenty-year term of supervised release was not substantively unreasonable.

The district court's reasons for imposing a lengthy term of supervised release are apparent from the record: Richardson's counsel below vigorously argued that Richardson deserved leniency in the imposition of an incarcerative sentence because of his troubled upbringing and consequent mental health problems, and requested that the district court require Richardson to participate in an outpatient program for mentally ill chemical abusers. To this end, counsel proposed that the court impose a long suspended sentence of "up to twenty years" that would "hang[] over [Richardson's] head . . . [a]nd if he doesn't do it, there's a hammer that can fall." J.A. 124–25. While declining the invitation to impose a so-called "suspended sentence," the district court noted both that Richardson's offense conduct involved serious criminal acts and violence, and that Richardson had experienced a terrible upbringing and suffered from serious mental health problems. The district court thus imposed an incarcerative sentence to run concurrent with Richardson's sentence on a related state conviction, which meant that his marginal incarcerative sentence for eleven counts of possession with intent to distribute cocaine

the amendment, the Guidelines range of supervised release for defendants in Richardson's position will become "three years."

7

base would be somewhere between three and a half and five and a half years. Accepting the thrust of defense counsel's reasoning, if not the exact terms of the proposal, the district court clearly intended to give Richardson a relatively lenient term of incarceration paired with a relatively long term of supervised release. In these circumstances, we cannot say that the district court's imposition of a twenty-year term of supervised release either shocks the conscience or cannot be located within the range of permissible decisions. We therefore reject Richardson's challenge to the substantive reasonableness of his sentence.

We have considered the defendant's remaining arguments and find them to be without merit.  For the reasons stated herein, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8