14-4020-cr
United States v. Durand

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand fifteen.

PRESENT: RALPH K. WINTER,
         DENNIS JACOBS,
         PIERRE N. LEVAL,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    14-4020-cr

CHRISTOPHER DURAND,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Randi J. Bianco and James P. Egan, for Lisa Peebles, Federal Public Defender for the Northern District of New York, Syracuse, New York.

FOR APPELLEE:           Lisa M. Fletcher and Paul D. Silver, for Richard S.

1

Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Christopher Durand appeals from the judgment of the United States District Court for the Northern District of New York (Mordue, <u>J.</u>), convicting him of seventeen counts of transporting, distributing, receiving, and possessing child pornography and sentencing him to a 188-month term of incarceration, followed by lifetime supervised release. Durand challenges the supervised release portion of his sentence as both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A district court commits procedural error if it "does not consider the [18 U.S.C.] § 3553(a) factors" or "fails adequately to explain its chosen sentence." <u>United States v. Cavera</u>, 550 F.3d 180, 190 (2d Cir. 2008) (<u>en banc</u>). Durand argues that the district court committed procedural error by failing to separately articulate its reasons for imposing a lifetime term of supervised release. Because Durand raises this argument for the first time on appeal, we review the contention for plain error. <u>United States v. Wagner-Dano</u>, 679 F.3d 83, 88 (2d Cir. 2012). The court stated its reasons for imposing its overall sentence with specific reference to a number of § 3553(a) factors, including the nature of the offense, the need for treatment, and the characteristics of the defendant. 18 U.S.C. § 3553(a); <u>see</u> Sent'g Tr. 9:1-2 (noting Durand's "extremely large collection of child pornography, some of which he distributed to others over the internet"); <u>id.</u> 9:9-11 (noting "that the defendant is amenable to . . . treatment"); <u>id.</u> 9:12-15 (noting circumstances of defendant's "difficult and disadvantaged youth"). A sentencing court must explain its "chosen *sentence*." <u>Cavera</u>, 550 F.3d at 190 (emphasis added); <u>see also</u> 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall

2

state in open court the reasons for its imposition of the particular *sentence*." (emphasis added). There is no authority in this circuit for the proposition that a sentencing court must separately articulate reasons for the supervised release *component* of a sentence. <u>See</u> <u>United States v. Mostafa</u>, 299 F. App'x 86, 88 (2d Cir. 2008) ("In the absence of authority to the contrary, we cannot conclude that the District Court's imposition of a term of supervised release without a separate statement [of supporting reasons] in open court constituted an error of any kind that affected substantial rights."). We conclude that failure to separately explain the reason for the supervised release component of the sentence was not plain error.

Durand challenges as substantively unreasonable lifetime supervised release. The conditions of supervised release include, among other things, restrictions on Durand's ability to interact with children and to use the internet. We review the substantive reasonableness of the sentence for abuse of discretion, <u>United States v. Norman</u>, 776 F.3d 67, 76 (2d Cir. 2015), and will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," <u>Cavera</u>, 550 F.3d at 189 (internal quotation marks omitted). Given the nature of Durand's collection of child pornography (consisting of over 50,000 images and 1,600 videos, including material depicting the sexual abuse of toddlers and infants) and his conduct in distributing such material to others, we conclude that the imposition of a lifetime term of supervised release was not substantively unreasonable.

For the foregoing reasons, and finding no merit in Durand's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3