20-1088-cr
*United States v. Frink*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-one.

PRESENT:
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

United States of America,

> *Appellee*,

> v.                                                                                          20-1088-cr

Glyn Frink,

> *Defendant-Appellant*.

---

| | |
|---|---|
| FOR APPELLEE: | Richard D. Belliss, Thomas R. Sutcliffe, Assistant United States Attorneys, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY. |
| FOR DEFENDANT-APPELLANT: | Molly K. Corbett, James P. Egan, Assistant Federal Public Defenders, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

Defendant Glyn Frink appeals from a judgment, entered on March 18, 2020, by the United States District Court for the Northern District of New York (Hurd, *J.*), following his guilty plea to a violation of his term of supervised release for failing to report to his probation officer within 72 hours of his release from prison. Frink's original federal offense was failing to register as a sex offender and failing to update his registration, in violation of 18 U.S.C. § 2250(a), for which he was sentenced to a 27-month term of imprisonment and a 15-year term of supervised release. Since his release on the underlying federal conviction in 2013, Frink's supervised release has been revoked by the district court on 6 prior occasions with the imposition of terms of imprisonment ranging from 6 months to 15 months, and additional periods of supervision to follow on each occasion.

With respect to this seventh revocation of supervised release, the district court sentenced Frink to an above-Guidelines sentence of 24 months' imprisonment, which was the statutory maximum, to be followed by 15 years of additional supervised release. On appeal, Frink argues that both the term of imprisonment and the length of the additional supervised release are procedurally and substantively unreasonable. Frink also challenges the imposition of four special conditions of supervised release. We assume the parties' familiarity with the underlying facts,

2

procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

Sentences arising from violations of supervised release are reviewed under the same standard "as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks omitted). Reasonableness is reviewed under a "deferential abuse-of-discretion standard," *see United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018), and the Second Circuit reviews the reasonableness of a district court's sentence both procedurally and substantively, *see United States v. Cavera*, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc). Thus, we have explained that "we will affirm [a] district court's sentence [for violation of supervised release] provided (1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable." *United States v. Anderson*, 15 F.3d 278, 284 (2d Cir. 1994).

## I.    Procedural Reasonableness

Frink argues that "[t]he district court failed to provide an adequate statement with specificity as to its reasons for imposing the above guidelines sentence of imprisonment combined with a 15-year term of supervised release." Appellant's Br. at 17.

A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Genao*, 869 F.3d 136, 140 (2d Cir. 2017) (internal quotation marks omitted). The district court must state its reasons for sentencing in open court in compliance with 18 U.S.C. § 3553(c), but this Court has

3

previously declined to prescribe "precise standards for assessing whether a district court's explanation of its reason for imposing a non-Guidelines sentence is sufficient." *United States v. Pereira*, 465 F.3d 515, 524 (2d Cir. 2006). Importantly, this Court does not reduce the district courts to "robotic incantations" when sentencing just to assure that they have weighed the Section 3553(a) factors. *United States v. Smith*, 949 F.3d 60, 66 (2d Cir 2020). Moreover, we "require less rigorous specificity where . . . a court sentences a defendant for violation of supervised release." *United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015), *superseded by statute on other grounds as recognized in Smith*, 949 F.3d at 64.

Where, as here, the defendant failed to raise the procedural objections at sentencing, we review such challenges for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). Under the plain error standard, Frink bears the burden of showing: (1) there was an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected his substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Marcus*, 560 U.S. 258, 262 (2010). We conclude that the district court's reasoning satisfies plain error review both as to the 24-month term of imprisonment and the 15-year additional term of supervised release.

With respect to the term of imprisonment, the district court explicitly noted its awareness of the policy statements contained in the United States Sentencing Guidelines, which resulted in an advisory Guidelines range of 6 to 12 months' imprisonment in connection with a Grade C violation. After hearing from the parties, the district then explained its reasons for imposing the above-Guidelines sentence for this violation, which involved failing to report to his probation

4

officer within 72 hours of his release from prison on his sixth revocation, and then being a fugitive for approximately 9 months before his arrest.[1]  More specifically, the district court emphasized that this was the seventh time that Frink had violated the terms and conditions of his supervised release, and noted the extraordinary nature of Frink's non-compliance over many years.  *See* App'x at 70 ("[Y]ou've been before me more times than anyone else in my career on the federal bench . . . .").  In addition, the district court directly addressed Frink's statement that he was now prepared to comply with the law, by reiterating that Frink had said "the same thing to [the court] a number of times before" and, as a result, the district court was "a little bit skeptical" of Frink's new promises.  *Id.* at 70-71.  As to Frink's argument that he did not "[get] in trouble" during the many months that he failed to report to his probation officer, *id*. at 70, the district court noted that Frink's claim could not be verified, because he thwarted any supervision during that time by not reporting.   In short, we conclude that the district court did not plainly err in providing its reasoning with respect to the above-Guidelines sentence.

We similarly conclude that there was no procedural plain error with respect to the imposition of an additional 15-year term of supervised release.  We have never held that, in explaining its sentence, a district court is required to provide separate reasoning for the length of supervised release.  *See, e.g.*, *United States v. Sero*, 520 F.3d 187, 192 (2d Cir. 2008) (rejecting a challenge to the "seemingly automatic" term of supervised release where the term was consistent with the Guidelines and the district court discussed the Section 3553(a) factors generally); *see also United States v. Mostafa*, 299 F. App'x 86, 88 (2d Cir. 2008) ("In the absence of authority to the

---

[1] Although Frink stated that he was "on the run" for "11 months," App'x at 65, the record reflects that it was approximately 9 months.

contrary, we cannot conclude that the District Court's imposition of a term of supervised release without a separate statement [of supporting reasons] in open court constituted an error of any kind that affected substantial rights."); *accord United States v. Durand*, 616 F. App'x 22, 23 (2d Cir. 2015).   Moreover, in this case, the district court's factual basis for the length of supervised release was apparent from the record based upon its reasoning as to the sentence overall, as well as the fact that the district court had originally imposed a 15-year supervised release term, and Frink had demonstrated the continuing need for long-term supervision due to his 6 revocations over a period of approximately 6 years.   In fact, for each of the prior revocations, the district court consistently imposed an additional term of supervision of between 10 and 14 years.   Accordingly, we conclude that the failure to separately explain the reason for Frink's length of additional supervised release was not plain error.

## II.        Substantive Reasonableness

Frink also argues that the district court's above-Guidelines sentence of 24-months' imprisonment, as well as the 15-year term of supervised release, were substantively unreasonable. We disagree.[2]

When reviewing for substantive reasonableness, this Court is required to analyze the "totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts."  *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016) (internal quotation marks omitted).   The review is

---

[2] We have not yet "decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence," *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014), and we do not do so now because Frink's substantive reasonableness challenge fails even under the abuse-of-discretion standard.

deferential, and this Court should only set aside sentences that are "shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks omitted).

Although this was an above-Guidelines sentence, it was reasonable for the district court to conclude that the Guidelines range of 6 to 12 months did not adequately account for Frink's pattern of prior violations. Indeed, the advisory range under the policy statements is not impacted by prior violations and, thus, the 6-to-12-month advisory Guidelines range had stayed constant throughout Frink's 7 revocation proceedings. *See, e.g.*, *United States v. Smith*, 224 F. App'x 133, 135 (2d Cir. 2007) ("Our case law makes clear that repeated violations of the terms of supervised release can justify the imposition of a term of imprisonment greater than that suggested by the relevant policy statements."). Moreover, the district court has imposed 5 sentences within the Guidelines range for prior revocations, only to have Frink violate his conditions of supervised release again. Even when the district court imposed a 15-month term of imprisonment on the sixth violation for failing to report to his probation officer within 72 hours of release, that above-Guidelines sentence did not sufficiently deter Frink. Instead, he failed to report to his probation officer yet again upon his release from prison and "went on the run" for many months until his arrest on this seventh violation. App'x at 65. Under these circumstances, especially in light of Frink's lengthy revocation history and the risk to the community posed by his persistent unwillingness even to report to his probation officer, we cannot conclude that the 24-month term of imprisonment was "shockingly high, . . . or otherwise unsupportable as a matter of law." *Muzio*, 966 F.3d at 64 (internal quotation marks omitted).

Frink's substantive reasonableness challenge to his 15-year term of supervised release also fails. Frink's 2003 state conviction involving his sexual abuse of two 13-year-old girls, and his original federal conviction in 2011, for failing to register as a sex offender and failing to update his registration in violation of 18 U.S.C. § 2250, carried a maximum supervised release term of life under 18 U.S.C. § 3583(k). Moreover, under 18 U.S.C. § 3583(h) and U.S.S.G. § 7B1.3(g)(2), the district court still had the authority to impose a life term of supervised release following Frink's revocation. *See United States v. Cassesse*, 685 F.3d 186, 190 (2d Cir. 2012) (clarifying that 18 U.S.C. § 3583(h) provides that "[t]he length of [supervised release] shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release"). Here, in addition to the need for long-term supervision prompted by the nature of his state conviction and his subsequent failure to register as a sex offender, Frink's other revocations of supervised release (which included using cocaine, unsuccessful discharge from a residential reentry center, and multiple failures to report to his probation officer within 72 hours of release from prison) further justified the length of his new term of supervised release. *See, e.g.*, *United States v. Leon*, 663 F.3d 552, 555 (2d Cir. 2011); *see also United States v. Quarterman*, 800 F. App'x 56, 58 (2d Cir. 2020) ("Far from suggesting that the additional term of supervised release is substantively unreasonable, [the defendant's] ongoing failures to comply with his terms of release weigh in favor [of] greater supervision."). In fact, in the approximately 9 years that followed his underlying 2011 federal conviction, Frink has completed only about 10 months of supervised release (excluding the months that he failed to report to his probation officer). Although Frink argues that the district court should have considered his age and seen his lifestyle changes as evidence that he is "well on his way to

8

rehabilitation," Appellant's Br. at 18, the district court was well within its discretion in concluding that Frink needed long-term supervision, notwithstanding his age and any new efforts he was making to rehabilitate himself and comply with the law. Accordingly, we conclude that the 15-year term of supervised release was also substantively reasonable.

### III. Special Conditions of Supervised Release

Frink argues that the district court imposed four special conditions of supervised release "one of which is void for vagueness and three of which impose a greater deprivation on [his] liberty interests than necessary, and are unrelated to [the] relevant sentenc[ing] factors." Appellant's Br. at 19. Although we review special conditions for plain error when the defendant received notice of these conditions prior to sentencing and failed to object to them, *see United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008), there is no indication in this record that Frink received any advance notice that these special conditions were going to be imposed at sentencing, and the district court did not even orally pronounce them at sentencing, *see United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019) (a district court "must make an individualized assessment when determining whether to impose a special condition of supervised release, and . . . state on the record the reason for imposing it" (alteration in original) (internal quotation marks omitted)). Moreover, although one of the challenged special conditions was identical or substantially identical to a special condition previously imposed, the other three challenged conditions were new. In any event, under either an abuse of discretion or a plain error standard of review, the challenged conditions must be vacated.

### A. Special Condition 5

Frink seeks vacatur of Special Condition 5, which states that Frink "must not communicate,

9

or otherwise interact, with, either directly or through someone, without first obtaining the permission of the probation officer." App'x at 78. Frink argues that this condition is unconstitutionally vague. We agree.

In compliance with due process requirements, conditions of supervised release must be clear enough to inform the defendant of what conduct "will result in his being returned to prison." *United States v. MacMillen*, 544 F.3d 71, 76 (2d Cir. 2008). Therefore, a condition of supervised release will be found unconstitutionally vague if "[people] of common intelligence must necessarily guess at its meaning and differ as to its application." *Id.* With respect to the no-contact restriction set forth in Special Condition 5, it appears that the condition may have been written in error or not completed, as it does not identify the person or category of people with whom Frink must not have contact. In short, the no-contact restriction, as written, cannot support a finding that someone of common intelligence would understand its meaning, and therefore is unconstitutionally vague. Accordingly, Special Condition 5 must be vacated.

### B. Special Conditions 8-10

Frink also challenges three other special conditions of supervised release which: (1) establish monitoring conditions for his internet access devices (Special Condition 8); (2) impose a requirement that Frink inform potential employers of the nature of his conviction, and the fact that the conviction was facilitated by the use of a computer, if a computer is part of his employment (Special Condition 9); and (3) prohibit the viewing, accessing, or possessing of sexually explicit materials, including adult pornography (Special Condition 10).

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). A district court may impose special

10

conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to afford adequate deterrence to criminal conduct," "the need to protect the public from further crimes of the defendant," and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," which "involve no greater deprivation of liberty than is reasonably necessary" for these purposes.   U.S.S.G. § 5D1.3(b); *see also United States v. Myers*, 426 F.3d 117, 123-24 (2d Cir. 2005).   Nevertheless, a district court's discretion to impose special conditions is not untrammeled, and we will "carefully scrutinize unusual and severe conditions."   *Myers*, 426 F.3d at 124 (internal quotation marks omitted).   When determining whether to impose special conditions, "[a] district court is required to make an individualized assessment . . . , and to state on the record the reason for imposing it; the failure to do so is error."   *Betts*, 886 F.3d at 202.   However, even when the district court does not provide such an explanation, the condition at issue can be upheld "if the district court's reasoning is self-evident in the record."   *Id.* (internal quotation marks omitted).

Both Frink and the government agree, and our review of the record confirms, that the district court did not adequately articulate its reasons for imposing Special Conditions 8 through 10.   The district court gave no reason at all for the imposition of any of these conditions.   Moreover, for the special condition that had been imposed previously (Special Condition 10), the government concedes that no reasoning was provided at any prior sentencing proceeding.   Nor is the district court's reasoning as to the individualized need for these conditions self-evident in the record.   For example, although Frink is a convicted sex offender, nothing in the record suggests that the underlying state conviction involved the use of computers, or that an internet access device was

11

involved in the conduct underlying any of Frink's convictions or violations of supervised release. Thus, the necessary justification for Special Conditions 8 and 9 is far from clear. Similarly, we have emphasized that Special Condition 10, which includes a ban on adult pornography, should not be applied automatically to any supervised release term for a defendant convicted of a sex offense. *See Eaglin*, 913 F.3d at 100 ("Before imposing a special condition such as this ban on adult pornography, a district court must make factual findings supporting its view that the condition is designed to address a realistic danger and that the deprivation the condition creates is no greater than reasonably necessary to serve the sentencing factors."). Thus, we conclude that the district court failed to explain how Special Conditions 8 through 10 are reasonably related to any of the factors outlined in Section 5D1.3(b). Accordingly, Special Conditions 8 through 10 are vacated, and the case is remanded for further consideration. Upon remand, the district court should either articulate individualized reasons for imposing Special Conditions 8 through 10 or remove those special conditions.

*       *       *

We have considered all of Frink's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12