*United States v. Carney*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> DENNIS JACOBS,
> STEVEN J. MENASHI,
> *Circuit Judges,*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                            23-6591

DONNA CARNEY,

> *Defendant-Appellant.*

_____

| | |
|---|---|
| For Appellee: | HEATHER L. CHERRY (Sandra S. Glover, Assistant United States Attorneys, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney, New Haven, CT. |
| For Defendant-Appellant: | LAWRENCE GERZOG, New York, NY. |

Appeal from a judgment of the United States District Court for the District of Connecticut

(Merriam, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Donna Carney ("Carney") appeals from a judgment entered by the United States District Court for the District of Connecticut (Merriam, *J.*) on April 19, 2023, convicting her, upon her guilty plea, of embezzling Section 8 housing vouchers, 18 U.S.C. § 641, sentencing her to thirty days of imprisonment and three years of supervised release, and ordering restitution of $33,594, to be repaid at a rate of $150 per month. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM**.

**1. Term of Supervised Release**

We review Carney's unpreserved procedural challenge to her term of supervised release for plain error. *United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023). As relevant here, a term of supervised release is procedurally unreasonable if a district court fails adequately to explain the chosen sentence under the 18 U.S.C. § 3553(a) factors.[1] *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017); *Peugh v. United States*, 569 U.S. 530, 537 (2013). Carney contends the district court procedurally erred by failing to explain why it imposed a disproportionately large term of supervised release relative to her term of imprisonment. We disagree.

We have never required a district court, in explaining its sentence, "to provide separate reasoning for the length of supervised release." *United States v. Frink*, 849 F. App'x 312, 316 (2d Cir 2021). To the contrary, when "the district court explains the basis for imposing a term of

---

[1] For terms of supervised release, those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the term to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with . . . correctional treatment in the most effective manner"; (3) the kinds of sentences and sentencing range for the category of offense; (4) relevant policy; (5) the need to avoid unwarranted disparities in sentences; and (6) the need for restitution. 18 U.S.C. § 3583(c) (citing *id.* § 3553(a)).

imprisonment, it need not repeat the process in imposing a term of supervised release." *United States v. Williams*, 998 F.3d 538, 541 (2d Cir. 2021).[2]   A court need merely identify the considerations "driving the selection of the sentence that was actually imposed," *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020), such that an appellate court can conduct a meaningful review, *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008).

Here, the district court did not err, much less plainly err, in explaining the term of supervised release.   In imposing Carney's sentence, the district court considered general deterrence and the seriousness and nature of her offense.[3]   Carney misrepresented her housing eligibility for over a decade on HUD forms, and her lies were difficult to detect because the government could not confirm every fact she represented.   The district court found specific deterrence was also warranted because Carney continued to make misrepresentations even when confronted about them.   Finally, the district court weighed the need for rehabilitation, the need to avoid unwarranted sentencing disparities, and relevant policy.   Because the district court appropriately weighed the § 3553(a) factors in deciding to impose a term of supervised release, Carney cannot point to any error.[4]

Carney's claim that her term of supervised release was substantively unreasonable is similarly unavailing.   Because Carney has not shown procedural error, we review her claim for abuse

---

[2] *See also United States v. Mostafa*, 299 F. App'x 86, 88 (2d Cir. 2008); *United States v. Durand*, 616 F. App'x 22, 23 (2d Cir. 2015); *United States v. Kurzajczyk*, 724 F. App'x 30, 33 (2d Cir. 2018).

[3] The district court clarified that, in imposing the term of supervised release, as opposed to the term of imprisonment, it could not consider the need for the term to reflect the seriousness of the offense, provide just punishment, and promote respect for law.   A-170; 18 U.S.C. § 3583(c).

[4] *See Kurzajczyk*, 724 F. App'x at 33 (affirming the procedural reasonableness of a term of supervised release where the court outlined the relevant sentencing factors on the record for its decision); *United States v. Alvarez*, 816 F. App'x 588, 590–91 (2d Cir. 2020) (upholding a similar sentence as procedurally reasonable given the court's consideration of the relevant sentencing factors); *Durand*, 616 F. App'x at 23 (holding a term of supervised release was procedurally reasonable because the district court made "specific reference" to several § 3553(a) factors).

of discretion. *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009). Reversal is warranted where a sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Preacely*, 628 F.3d 72, 83 (2d Cir. 2010) (citation and internal marks omitted). In the "overwhelming majority of cases," a sentence that falls within the Guidelines will lie "comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Friedberg*, 558 F.3d 131, 137 (2d. Cir. 2009) (citations and internal marks omitted). It is therefore "difficult to find that a below-Guidelines sentence is unreasonable." *United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020) (citation and internal marks omitted).

We cannot conclude that the district court abused its discretion here. Carney's term of supervised release was within the Guidelines, and her term of imprisonment fell below them.[5] In explaining its sentence, the district court documented Carney's continued misrepresentations, the amount she stole, and her posturing as a public servant despite her deception of the government. Yet it did not ignore mitigating factors, highlighting her lack of criminal history, her "minimal risk of recidivism," and the fact that the Bureau of Prisons "may not be able to offer her the quality of [medical] care" she elsewhere received. A-172. The district court's balancing of sentencing factors led it to "hedge against a relatively lenient term of imprisonment by imposing a longer term of supervised release."[6] Carney's sentence thus is not one that "cannot be located within the

---

[5] The district court determined Carney's total offense level was 14 with a Level I criminal history. A-162. That placed her advisory Guidelines term of imprisonment at 15–21 months. U.S.S.G. Ch. 5, Pt. A. Because her crime of conviction was a Class C felony, *see* 18 U.S.C. § 3559(a)(3); *id.* § 641, the Guidelines-recommended term of supervised release was between one and three years. U.S.S.G. § 5D1.2(a)(2); 18 U.S.C. § 3583(b)(2).

[6] *United States v. Leon*, 663 F.3d 552, 556 (2d Cir. 2011) (citation and internal marks omitted); *see also Alvarez*, 816 F. App'x at 590–91 (upholding a sentence where the court, recognizing mitigating factors and the defendant's lengthy criminal history, imposed a below-Guidelines term of imprisonment but a within-Guidelines three-year term of supervised release); *United States v. Mayer*, No. 21-0204-CR,

4

range of permissible decisions." *Cavera*, 550 F.3d at 189 (citation and internal marks omitted).

## 2. Restitution Order

Carney next challenges the district court's order of restitution for failing to account for her inability to pay. Because she failed to object below, we review the order for plain error. *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012). In ordering restitution, a court must consider the defendant's financial resources (including whether those assets are jointly controlled), projected income, and financial obligations. 18 U.S.C. § 3664(f)(2)(A)–(C). If the "economic circumstances of the defendant do not allow" payment of a lump sum or under "any reasonable schedule," a court may order nominal restitution. *Id.* § 3664(f)(3)(B). However, even indigent defendants have an obligation to pay restitution, and therefore a court does not err or abuse its discretion by ordering restitution from a defendant with limited financial resources. *See United States v. Mortimer*, 52 F.3d 429, 436 (2d Cir. 1995).

The district court did not err in imposing a monthly restitution plan. In looking to Carney's finances, the court recognized that she could not pay a lump sum upfront. Imposing a monthly payment plan—rather than ordering nominal restitution—was an appropriate remedy. The monthly amount was not burdensome given Carney's assets.[7] The district court even kept the option of nominal payment in mind, explaining that although Carney must "*attempt* to pay [restitution] back," she could "petition the Court at any time to modify" the order based on changes

2022 WL 1447380, at *2–3 (2d Cir. May 9, 2022) (upholding a sentence based on similar hedging by the district court); *United States v. Moore*, 563 F. App'x 866, 870 (2d Cir. 2014) (same).

[7] *See United States v. Scott*, 391 F. App'x 92, 94 (2d Cir. 2010) (affirming a restitution payment of 25 percent of a defendant's "net disposable monthly income"). Carney makes much of the order's harshness given her debts, including her mortgage. But Carney had already quitclaimed her home to her new husband. Because there was uncertainty about Carney's financial obligations, the district court did not err in imposing restitution. *United States v. Mattice*, 186 F.3d 219, 231 (2d Cir. 1999) (explaining that district courts should impose restitution where doubt about ability to pay exists).

in her financial circumstances. A-181, 183–84 (emphasis added). Because the district court's order ensured that Carney would "pay restitution when and *if* funds are eventually acquired," it did not plainly err.[8]

* * *

We have considered Carney's remaining arguments and find them to be without merit.[9] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[8] *Mortimer*, 52 F.3d at 436 (emphasis added); *compare United States v. Allen*, 201 F.3d 163, 167–68 (2d Cir. 2000) (upholding a monthly payment plan that accounted for low earning potential), *with United States v. Mammedov*, 304 F. App'x 922, 927–28 (2d Cir. 2008) (finding error where a court required "immediate payment of $325,000 restitution despite . . . finding that [the defendant] lacked the ability to pay").

[9] Carney's challenge to the district court's explanation of the special conditions of supervised release is unwarranted. The district court made an extensive and individualized assessment on the record concerning the necessity of the conditions. *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). Contrary to what Carney claims, district courts are under no obligation to explain why such conditions differ in language from the language in U.S.S.G. § 5D1.3(d).